UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BENJAMIN WARD,<br>Plaintiff,<br>v.<br>KEVIN LLOYD, et al.,<br>Defendants. | No. 2:25-cv-0509-EFB (PC)<br><br>ORDER |

Plaintiff is a county jail inmate proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis. ECF No. 2.

**I. In Forma Pauperis Application**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II. Screening Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III. Screening Order**

Plaintiff alleges that Sacramento County Sheriff Deputies Kevin Lloyd and Joseph Zalec used excessive force against him during his arrest on August 7, 2022. ECF No. 1 at 3. While plaintiff was "proned out" on the ground, defendant Lloyd ran up and jumped on plaintiff's back with his knee. *Id.* Plaintiff screamed, choked, and tried to maintain consciousness. *Id.* Both

Lloyd and Zalec yanked plaintiff's arms behind him into the air while Lloyd screwed his knee into plaintiff's back. *Id.* Zalec twisted plaintiff's foot. *Id.* at 4. Plaintiff also alleges that, after the arrest, defendant Lloyd denied him medical care for his injuries, which included broken ribs; instead of taking plaintiff for treatment, Lloyd asked a fire department official to clear plaintiff for transport to the jail. *Id.* Jane Doe, a nurse in the booking area of the Sacramento County Main Jail, also denied him necessary medical care, addressing only a bleeding leg wound. *Id.* at 4-5.

Claims of excessive force during an arrest of a free citizen are evaluated under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*."). This analysis focuses on whether officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. Construed liberally, and for the purposes of § 1915A, plaintiff has stated potentially cognizable excessive force claims against defendants Lloyd and Zalec.

Because plaintiff has stated potentially cognizable excessive force claims against defendants Lloyd and Zalec, he has also stated potentially cognizable California battery claims against them. *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27 (2009) ("A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable.").

Under the Fourth Amendment, officers must provide objectively reasonable medical care after an arrest. *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006). Construed liberally, and for the purposes of § 1915A, plaintiff has stated a potentially cognizable claim against defendant Lloyd for denying him medical treatment after the arrest.

Plaintiff's claim against Jane Doe is governed by the 14th, rather than the Eighth Amendment. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-43 (9th Cir. 2010) (Fourteenth Amendment applicable to claim by pretrial detainee of failure to address medical needs). Nevertheless, regarding the provision of medical care to a pretrial detainee, the familiar

Eighth Amendment standard of deliberate indifference applies. *Id.*

To state an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Construed liberally, and for the purpose of § 1915A screening, plaintiff has stated a potentially cognizable deliberate indifference claim against Jane Doe. Because the court cannot order service of the complaint on an unidentified party, plaintiff must seek to amend the complaint once he has determined Jane Doe's identity.

Plaintiff names Correctional Health Services, a Sacramento County agency, as a defendant. Plaintiff cannot sue the county or any municipal agency for alleged constitutional violations under § 1983 on a theory of respondeat superior. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc). Municipal entities may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). Plaintiff has not alleged any facts showing that deficiencies in his medical treatment at the jail were the result of such a policy, custom, or usage.

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct these deficiencies. Plaintiff is not obligated to amend the complaint; he may instead choose to proceed only on the claims in this order as potentially cognizable.

## IV. Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the

alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**V. Order**

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF Nos. 2) is GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the custodial agency housing plaintiff filed concurrently herewith.
3. Plaintiff has stated the following potentially cognizable claims:
    a. Against Kevin Lloyd and Joseph Zalec for excessive force in violation of the Fourth Amendment and California state law;
    b. Against Kevin Lloyd for failure to obtain treatment for plaintiff's medical needs following the arrest; and
    c. Against Jane Doe, nurse in the booking area of the Sacramento County Main Jail, for deliberate indifference to plaintiff's medical needs upon booking.
4. Plaintiff's claims against Correctional Health Services at Sacramento County Main Jail are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 21, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BENJAMIN WARD,<br>Plaintiff,<br>v.<br>KEVIN LLOYD, et al.,<br>Defendants. | No. 2:25-cv-0509-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) ______ proceed only with the claims against defendants Lloyd, Zalec, and Jane Doe identified as potentially cognizable in the court's screening order.

OR

(2) ______ delay serving any defendant and file an amended complaint.

______________________________

Plaintiff

Dated: